# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DONALD SPEAKS, <br><br> Plaintiff, <br><br> v. <br><br> ROZALLE EDDINGS and <br> WESTERN EXPRESS, INC., <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> 1:25-CV-02495-TWT |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS

COMES NOW, DONALD SPEAKS, Plaintiff in the above-styled matter and filed this, his Response to Defendants' Rule 12(b)(6) Partial Motion to Dismiss for Plaintiff's Failure to state a claim upon which relief can be granted, and shows this Honorable Court the following:

## INTRODUCTION

In personal injury lawsuits, a defendant may not prevail on a motion to dismiss if there are genuine issues of material fact regarding elements supporting Plaintiff's Claims. Defendants filed the instant Motion to Dismiss as to Plaintiff's claims punitive damages and attorney's fees, and/or expenses of litigation without any discovery completed what-so-ever. A motion to dismiss is a legal tool used to extinguish cases where it is wholly unclear from the face of the Complaint what allegations are made against a particular defendant. However, Defendants' Motion makes it clear that there are allegations sufficient to give notice of the Plaintiff's claims as we are at the outset of discovery. Plaintiff's claim for attorneys' fees and expenses of litigation, and the determination of whether to award attorneys' fees and expenses of litigation should be left for the jury to decide or, at a minimum, as a subject for a Motion for Summary Judgment at the close of discovery.

Defendants are not disputing Plaintiff's underlying tort claim, negligence. Instead, Defendants are improperly attempting to take Plaintiff's properly plead claim of attorneys fees and expenses and punitive damages away from the jury. Defendant's Motion fails on its face and this Court should deny Defendants' Motion in its entirety.

## ARGUMENT AND CITATION OF AUTHORITY

A motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. *Islam v. Wells Fargo Bank, N.A.,* 327 Ga. App. 197, 757 S.E.2d 663 (2014). See also *Stewart v. Johnson*, 358 Ga. App. 813, 856 S.E.2d 401 (2021). "A complaint may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim." *Poole v. City of Atlanta,* 117 Ga. App. 432, 434 (1968) (citation and punctuation omitted). In deciding a motion to dismiss, courts should construe pleadings most favorably to the party who filed them, and courts must treat as true the factual allegations in the complaint. *Mabra v. SF, Inc.,* 316 Ga. App. 62, 65 (2012). Unless the allegations of the complaint show with certainty that the ***plaintiff will never be able to present evidence to prove*** that he or she is entitled to relief, a motion to dismiss for failure to state a claim should not be granted. B*abalola v. HSBC Bank, USA,* 324 Ga.App. at 752(2), 751 S.E.2d 545 (2013).

As a preliminary matter, this motion, while disguised as a motion to dismiss, asks the Court to look at items outside of the face of the Complaint itself and is therefore a Motion for

Summary Judgment which is wholly improper at this stage of the case where discovery is at its inception.

1. **Legal Basis for Attorney's Fees pursuant to O.C.G.A. § 13-6-11**

"Where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." O.C.G.A. § 13-6-11. Here, Plaintiff's Complaint includes a claim for attorneys' fees pursuant to O.C.G.A. § 13-6-11. Filing a Motion that has no basis in law, such as this Motion to Dismiss, could be considered unnecessary trouble and expense to the Plaintiff and we are only at the outset of the case. There's still plenty of time for the Defendants to continue down this path. "Whether a plaintiff has met any of the preconditions for an award of attorney fees and expenses set forth in O.C.G.A. §13-6-11 is solely a question for the jury. Both the liability for and amount of attorney fees pursuant to O.C.G.A. §13-6-11 are solely for the jury's determination. *Royal v. Blackwell,* 289 Ga 473, 478, 712 S.E.2d 815 (2011).

2. **Punitive Damages Claim**

Due to the nature of the case, Plaintiff can conceivably prove "defendants actions showed willful misconduct, malice, fraud, wantonness, oppression, or the entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1. Discovery is necessary to fully flesh out all facts, here. Georgia law allows for punitive damages to be awarded under certain circumstances;

> (b) Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.
> …

(d) (1) An award of punitive damages must be specifically prayed for in a complaint. In any case in which punitive damages are claimed, the trier of fact shall first resolve from the evidence produced at trial whether an award of punitive damages shall be made. This finding shall be made specially through an appropriate form of verdict, along with the other required findings.
…
O.C.G.A. § 51-12-5.1.

Rather, the Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirements of the Act. Thus, a motion to dismiss for failure to state a claim should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. Put another way, if, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient. *Stewart v. Johnson* 358 Ga.App. 813856 S.E.2d 401 (2021). Whether the Plaintiff can prove conduct to support an award of punitive damages is a question for the finder of fact. *See Coen v. Aptean, Inc.,* 307 Ga. 826, 830 (2) (b), 838 S.E.2d 860 (2020).

## **CONCLUSION**

These genuine issues are for a jury's determination, and Defendant has, in no way, met his burden of proof. Discovery has barely begun and the Complaint contains allegations which provide notice of the Plaintiff's claims. Therefore, Defendant's Motion must fail and Plaintiff Requests this Court DENY Defendants' Motion in its entirety.

This 27th day of May 2025.

*/s/ Kendall B. Shortway*
Kendall B. Shortway
Georgia State Bar No.312819
*Attorney for Plaintiff*

**MORGAN & MORGAN**
11605 Haynes Bridge Road
Suite #490
Alpharetta, Georgia 30009
T: (912) 443-1098
F: (904) 568-7676
kshortway@forthepeople.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DONALD SPEAKS, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:25-CV-02495-TWT |
| ROZALLE EDDINGS and WESTERN EXPRESS, INC., | |
| Defendants. | |

## CERTIFICATE OF SERVICE

This shall certify that I have on this day served a copy of the within and foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS** upon all parties of record by CM/ECF thereby automatically sending electronic notification to counsel listed below:

Scott H. Moulton, Esq.
Sandro Stojanovic, Esq.
Gabriel A. Logreira, Esq.
**Quintairos, Prieto, Wood & Boyer, P.A.**
365 Northridge Road, Suite 230
Atlanta, GA 30350
scott.moulton@qpwblaw.com
Sandro.stojanovic@qpwblaw.com
Gabriel.logreira@qpwblaw.com
*Counsel for Defendants*

This 27th day of May, 2025.

                                                    */s/ Kendall B. Shortway*
                                                    Kendall B. Shortway
                                                    Georgia State Bar No.312819
                                                    *Attorney for Plaintiff*

**MORGAN & MORGAN**
11605 Haynes Bridge Road
Suite #490
Alpharetta, Georgia 30009
T: (912) 443-1098
F: (904) 568-7676
kshortway@forthepeople.com
andrea.hart@forthepeople.com