IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DONALD SPEAKS,

    Plaintiffs,

      v.

ROZALLE EDDINGS, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:25-CV-2495-TWT

**OPINION & ORDER**

This is a personal injury action. It is before the Court on the Defendants Rozalle Eddings and Western Express, Inc.'s Partial Motion to Dismiss [Doc. 4]. For the following reasons, the Defendants' Partial Motion to Dismiss [Doc. 4] is GRANTED.

I. **Background**[1]

This action arose from a vehicle accident between the Plaintiff Donald Speaks and the Defendant Rozalle Eddings on February 26, 2025, in DeKalb County, Georgia. (Compl. ¶ 6). The Plaintiff was attempting to turn left on a green light in order to travel south on Lawrenceville Highway. (*Id.*). Eddings

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wilding v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

was driving a tractor trailer south on Lawrenceville Highway in the scope of his employment for Defendant Western Express. (*Id.* ¶ 7). As the Plaintiff turned left into the roadway, Eddings "negligently, recklessly, carelessly, and unlawfully drove his truck into the side of Plaintiff's vehicle." (*Id.*). As a result, the Plaintiff suffered multiple injuries. (*Id.* ¶ 9).

The Plaintiff filed this action in DeKalb County State Court on March 18, 2025 asserting six counts: negligence, against Eddings (Count I); vicarious liability/respondeat superior, against Western Express (Count II); negligent entrustment, training, and supervision, against Western Express (Count III); attorneys' fees and expenses of litigation, against Eddings (Count IV); damages, against both Defendants (Count V); and punitive damages, against both Defendants (Count VI). The Defendants removed the action to this Court on May 6, 2025, and filed the present partial Motion to Dismiss on May 13, 2025. [Docs. 1, 4].

## II.  Legal Standards

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III. Discussion

In their Motion, the Defendants move only to dismiss the claims for attorneys' fees and costs and for punitive damages, which are Counts IV and VI respectively. The Defendants argue that the Plaintiff has failed to state a claim for attorneys' fees under O.C.G.A. § 13-6-11 because he has not alleged any bad faith in the underlying transaction and there is a bona fide controversy as a matter of law. (Defs.' Mot. to Dismiss, at 3-6). In response, the Plaintiff essentially asserts that the Defendants' Motion is premature because the case is in the early stages and discovery has not yet concluded. (*See* Pl.'s Resp. in

Opp'n to Mot. to Dismiss, at 2-4).

Georgia law permits a plaintiff to "specially plead" for attorney's fees "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." O.C.G.A. § 13-6-11. Georgia courts have interpreted this provision to permit attorney's fees awards where bad faith is shown in the underlying transaction or event giving rise to the suit. *Comput. Commc'n Specialists, Inc. v. Hall*, 188 Ga. App. 545, 632-33 (1988). "Bad faith is not simply bad judgment or negligence, but it imports a dishonest purpose or some moral obliquity, and implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will." *Rapid Grp., Inc. v. Yellow Cab of Columbus, Inc.*, 253 Ga. App. 43, 49 (2001) (citation modified).

Here, the Plaintiff has alleged that Eddings acted "negligently, recklessly, carelessly and unlawfully" in driving his truck into the Plaintiff's vehicle. (Compl. ¶ 7). But there are no allegations that Eddings acted with any sort of ill intent. The Plaintiff has not even alleged that the Defendants acted in bad faith or have been stubbornly litigious, as required under O.C.G.A. § 13-6-11. (*See* Compl. ¶¶ 22-24). While the Plaintiff implies that the Defendants' filing of their Motion to Dismiss constitutes bad faith, that position is not supported by Georgia law, which considers the issue based on the underlying events giving rise to the action. *Comput. Commc'n Specialists,*

4

*Inc.*, 188 Ga. App. at 632-33. But "[a]llegations of gross negligence are not sufficient to award attorney's fees," so the Plaintiff's claim for attorney's fees under O.C.G.A. § 13-6-11 fails as a matter of law as to bad faith grounds. *Corbett v. Celadon Trucking Servs., Inc.*, 2016 WL 492715, at *3 (N.D. Ga. Feb. 8, 2016).

Nor does filing a Motion to Dismiss warrant a finding that a defendant has been stubbornly litigious. "When bad faith is not an issue and the only asserted basis for a recovery of attorney['s] fees is either stubborn litigiousness or the causing of unnecessary trouble and expense, there is not 'any evidence' to support an award pursuant to O.C.G.A. § 13-6-11 if a bona fide controversy clearly exists between the parties." *Brown v. Baker*, 197 Ga. App. 466, 468 (1990) (citation modified). A "bona fide controversy" exists if the evidence shows a genuine dispute "of law or fact, on liability or amount of damages, or on any comparable issue." *Id.* at 468-69. Here, based on the Complaint, there is a bona fide controversy as to whether Eddings caused the collision and, if he did, whether he did so negligently. There is also a controversy as to whether Western Express is vicariously liable for Eddings' alleged negligence. The Plaintiff does not dispute the existence of these controversies in his response, and "[i]t is the general law of this state that questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly issues for jury resolution, and a court should not remove the issue[s] from the jury except in

5

plain and indisputable cases." *Id.* at 469 (citation modified). The existence of this bona fide controversy negates the Plaintiff's claim for attorney's fees under O.C.G.A. § 13-6-11 based on stubborn litigiousness. *See id.* at 468. Thus, even construing the facts in the light most favorable to the Plaintiff, he has failed to state a claim for attorney's fees under O.C.G.A. § 13-6-11. *See Quality Foods de Centro Am., S.A.,* 711 F.2d at 994-95; *Iqbal*, 556 U.S. at 678. The Defendants' Motion will be granted as to the claim for attorney's fees in Count IV on this basis.

The Defendants also argue that the Plaintiff fails to state a claim for punitive damages because he has not alleged that Eddings had a pattern of dangerous driving or that Western Express had any knowledge of such a pattern. (Defs.' Mot. to Dismiss, at 6-10). Additionally, they contend that the Plaintiff has not alleged any facts showing Eddings engaged in willful misconduct or the entire want of care that would justify punitive damages. (*Id.* at 8-9). Under Georgia law, "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). As a matter of law, "punitive damages are not recoverable [in car accident cases] where the driver at fault simply violated a rule of the road." *Miller v. Crumbley*, 249 Ga.

6

App. 403, 405 (2001). But punitive damages can be available under O.C.G.A. § 51-12-5.1 "where the collision resulted from a pattern or policy of dangerous driving, such as driving while intoxicated or speeding excessively." *Id.* (citation modified).

As the Defendants point out, the Complaint is devoid of any allegations that would warrant a finding of punitive damages. The Plaintiff alleges that Eddings "negligently, recklessly, carelessly and unlawfully" drove his vehicle in such a manner as to cause a collision with the Plaintiff's vehicle. (Compl. ¶ 7). Elsewhere in the Complaint, the Plaintiff alleges that Eddings was driving distracted, failed to yield, was following too closely, was driving "without due caution and circumspection," and was driving with "reckless disregard for the safety of persons and/or property." (*Id.* ¶ 10). As to Western Express, he alleges simply that Western Express is liable for "the acts and omissions" of Eddings as his employer, that it negligently entrusted its vehicle to Eddings, and that it negligently trained and supervised him. (*Id.* ¶¶ 15, 20). And finally, the Plaintiff recites the elements of O.C.G.A. § 51-12-5.1 in alleging that Defendants' actions evince those elements. (*See id.* ¶ 31).

These allegations fall far short of alleging the pattern or policy of dangerous driving necessary to state a claim for punitive damages in a car accident case. *See Miller*, 249 Ga. App. at 405. Instead, these are the kind of allegations expressly disapproved of by the Georgia Court of Appeals—

7

allegations asserting that Eddings "simply violated a rule of the road." *Id.* Although the Plaintiff is correct that discovery would be necessary to flesh out whether he could prove that the Defendants acted with the requisite intent that O.C.G.A. § 51-12-5.1(b) requires, the fatal flaw here is that the Plaintiff does not even make factual allegations with regard to those elements in the Complaint. Simply alleging the elements of that statute without any facts to support it does not suffice. *See Moore v. Mylan Inc.*, 840 F. Supp. 2d 1337, 1353 (2012) ("[P]laintiff's conclusory pleading without stating any facts to support her claim fails to state a claim for punitive damages."). Dismissal is thus warranted as to the punitive damages claim in Count VI because the Complaint fails to allege any facts that could plausibly support that claim. *Iqbal*, 556 U.S. at 678.

## IV. Conclusion

For the foregoing reasons, the Defendants' Partial Motion to Dismiss [Doc. 4] is GRANTED. Counts I-III and V remain pending at this time.

SO ORDERED, this ___19th___ day of February, 2026.

*[signature]*
THOMAS W. THRASH, JR.
United States District Judge